BEFORE THE THIRD DIVISION, OCTOBER 15, 1943

**No. 48881.**—Protests 99277–K, etc., of Olavarria & Co., Inc. (New York).

KEEFE, Judge: These cases involve several shipments of Cuban refined sugar imported in 100-pound bags. The plaintiff claims that a certain quantity appearing upon the manifest of the steamship company was not, in fact, landed in this country.

At the trial upon offer of plaintiff the importer's affidavits on short shipment on customs Form 4311 in each case together with the inspector's reports were admitted in evidence. The collector's letters of transmittal were admitted in evidence on behalf of the Government.

In each of the shipments involved herein the inspector reported in language substantially the same except for the specifications as in the entry covered by protest 99277–K, reading as follows:

Due to the fact that no physical check out was made of this merchandise, the manifest showed no shortage, and the steamship company made no claim of shortage until after delivery of the cargo. I endorsed the permit to read:—
Of the within; ASPURU
50 bags manifested, not found.

The collector's letters of transmittal are couched in substantially the same anguage as that attached to protest 99277–K which reads as follows:

This office submits the following in support of liquidation of Cons. entry 766715, without allowance of duties for 50 packages of sugar imported on S. S. *Oriente.*

The record of the discharging officer shows that these packages appeared on the manifest as part of a shipment of 10,000 packages of Sugar marked Aspuru. The endorsement made on the delivery permit by this officer states "50 bags manifested not found."

This office has, after careful investigation, been unable to secure any information from either the records of the owners or agents of the vessel or the importer which would furnish any satisfactory evidence showing that the merchandise involved was not actually landed.

In view of the discharging officer's report, and the lack of evidence to show that the merchandise was not landed, the requirements under Article 812 of the Customs Regulations of 1937 as amended have not been satisfied. The merchandise was therefore regarded as having been presumptively landed and no allowance of duties in liquidation was made.

Article 812, of the Customs Regulations of 1937, as amended, provides as follows:

Art. 812. Packages.—No allowance will be made in the assessment of duties for lost or missing packages appearing on the entry, unless shown by the report of the discharging officer not to have been landed, and unless the importer shall make affidavit on customs Form 4311 and file same with the collector within 30 days after the date of written notice of shortage (customs Form 4311), which the collector shall mail to the importer immediately upon report of the shortage to him. Such affidavits must be stamped with the date of receipt at the customhouse. * * *.

The traffic manager of the plaintiff, Albert W. Vilar, testified that he handled all the importations of refined and other sugars for direct consumption; that the importations in question consisted of Cuban refined sugars and were under his

charge and the records thereof were made under his supervision; that in each case he filed the shortage claims with the collector; that he also filed claims with the steamship company for the shortage, which included the price of the sugar and the cost of freight; and that in each case the steamship company honored the claim and returned the value of the merchandise and the prepaid freight, except in the entry covered by protest 99280–K, where the claim was for the refund of freight only.

Cyril F. Powers, a freight claim agent for Agwilines, Inc., New York and Porto Rico Steamship Co., and the New York & Cuba Mail Steamship Co., testified for the plaintiff that he is engaged in the investigation and adjustment of false and damage cargo claims; that the plaintiff filed various claims for shortage in shipments of Cuban refined sugar and that after investigation the claims were paid. When interrogated as to the meaning of the statement upon the bill of lading as to merchandise covered by protest 99280–K, reading "43 bags short in dispute," the witness stated

Often times there are discrepancies at the loading port between the tallies of the checkers and the shipper's records, and in view of the fact that the sugar is going on board it can't be rechecked. So they make the notation on the bill of lading "in dispute" and depend upon the outturn at the destination to determine whether the sugar was there or not.

The witness explained that the dispute arose in Cuba, and that a check at New York revealed that the 43 bags were short. The witness further testified that during the interval from the landing of the sugar on the pier until delivery it is under his supervision and custody and his firm always has a guard there 24 hours a day; and that while the ship is discharging the customs also maintains a 24-hour watch and that no robberies were reported in connection with the shortage of sugar.

In protests 99281–K, 99282–K, and 99283–K, Harry Clinton Syms testified for the plaintiff that he is connected with the United Fruit Co., formerly controlled by the Munargo Line; that he is a claim adjuster and records of claims are under his supervision; that the plaintiff filed a claim with his company in connection with each of the importations covered by the foregoing protests and that in each instance the claims, after investigation, were paid to the plaintiff. The witness further testified that his company has a 24-hour guard on the pier as well as there being a customs guard during such time and there were no robberies reported.

In view of the uncontradicted evidence before us that the importer never received the bags of sugar reported not found by the discharging inspectors and that the steamship companies, after investigation, had reimbursed the plaintiff for the prepaid freight charges in some instances, and, in others, the prepaid cost of the sugar contained in the missing bags as well as the freight charges, we are of the opinion that the missing bags were not, in fact, imported.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries, making refund of all duties taken upon the number of bags of Cuban refined sugar reported not found by the discharging inspectors in each entry, and in all other respects the protests are overruled.